UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CYMEYON HILL,

    Plaintiff,

  v.

STEVE WHITWORTH, et al.,

    Defendants.

No. 2:20-cv-0905-JAM-EFB P

ORDER

Plaintiff, a civil detainee, proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. He has filed an application for leave to proceed in forma pauperis.

### Application for Leave to Proceed in Forma Pauperis

Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted. Because plaintiff is a civil detainee, and therefore not a prisoner within the meaning of the Prison Litigation Reform Act, he is not required to pay the court's filing fee under 28 U.S.C. § 1915A. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

### Screening Requirement

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

1    A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
2    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
3    plain statement of the claim showing that the pleader is entitled to relief, in order to give the
4    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
5    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
6    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
7    its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
8    U.S. 662, 679 (2009).

9    To avoid dismissal for failure to state a claim a complaint must contain more than "naked
10   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
11   action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
12   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
13   678.

14   Furthermore, a claim upon which the court can grant relief must have facial plausibility.
15   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
16   content that allows the court to draw the reasonable inference that the defendant is liable for the
17   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
18   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
19   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
20   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

21                                              Screening Order

22   Plaintiff's allegations are not sufficient to survive screening.  His overarching claim is that
23   his attorney, a judge who presided over his civil commitment proceedings, and several CDCR
24   officials are conspiring to have him murdered.  However, plaintiff fails to allege any supportive
25   facts which, taken as true, would give rise to a cognizable claim.

26   Plaintiff also claims that his attorney took his money without adequately representing him,
27   and that his attorney and the judge who presided over his civil commitment proceedings made
28   racist and threatening comments to him.  As for the civil commitment ruling, the defendant judge

2

is immune from suit because the claims against him are based on acts performed in his capacity as a judge. *See Ashelman v. Pope*, 793 F.2d 1072, 1078 (1986) (holding that "a conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors"). As for the claim against the defendant attorney, it too fails because there is no allegation that the attorney is a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Assuming he is a state actor, he too is immune from plaintiff's suit. *See Fry v. Melaragno*, 939 F.2d 832, 837 (1991) ("Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is 'necessary to assure that . . . advocates . . . can perform their respective functions without harassment or intimidation.'" (citation omitted)).

<u>Leave to Amend</u>

Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

Any amended complaint must not exceed the scope of this order and may not add new, unrelated claims. Further, any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

/////

3

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 7) is granted; and
2. The complaint is dismissed with leave to amend within 30 days from the date of service of this order. Failure to comply with this order may result in a recommendation that this action be dismissed for the reasons stated herein.

DATED: August 18, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE